UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:14-cr-83-DCR-EBA-3

UNITED STATES OF AMERICA,                                          PLAINTIFF,

v.                              **MAGISTRATE JUDGE'S**
                           **REPORT AND RECOMMENDATION**

THEOPHYLLIS JACKSON,                                               DEFENDANT.

\* \* \* \* \* \* \*

## INTRODUCTION

On January 28, 2015, Defendant Theophyllis Jackson was sentenced to twenty-four (24) months imprisonment and two (2) years of supervised release after pleading guilty to Conspiracy to Distribute Marijuana in violation of 21 U.S.C. § 846. Defendant did not pursue a direct appeal of his conviction or sentence. However, on May 29, 2015, Defendant filed a 28 U.S.C. § 2255 Motion to Vacate raising two grounds for relief: (1) ineffective assistance of counsel based upon defense counsel's alleged failure to file a timely appeal as Defendant requested; and (2) ineffective assistance alleging that counsel failed to challenge the use of a prior arrest and prior conviction. [R. 95 at 4–5]. In his Memorandum in Support of the § 2255 petition, [R. 95-1], Defendant adds that "counsel's failure [to appeal] . . . was a violation of the Sixth Amendment," [Id. at 3], argues his "sentence must be vacated to allow an Appeal," [Id. at 11], and further requests an evidentiary hearing. [Id. at 6].

On November 2, 2015, the Government filed a response, [R. 120], explaining that Defendant's § 2255 motion should be denied because "he entered a voluntary and intelligent plea of guilty, and waived the right to collaterally attack his guilty plea, conviction, and any sentence

1

that was within or below the guideline range finally adopted by the Court at sentencing." [Id. at 2]. Defendant did not file a reply. Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See [R. 95-5]. For the reasons explained below, the undersigned RECOMMENDS that Defendant's § 2255 petition for relief, alleging ineffective assistance where counsel failed to file a timely appeal as Defendant requested, be GRANTED, and further RECOMMENDS that Theophyllis Jackson be afforded the relief of the ability to file a belated appeal.

## STANDARD OF REVIEW

For his 28 U.S.C. § 2255 motion for habeas relief to succeed, Defendant must show that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003), cert. denied, 540 U.S. 1133 (2004). Where Defendant is proceeding *pro se*, the undersigned remains aware that Defendant's motion is held to a less stringent standard than those drafted by legal counsel. See, e.g., Cruz v. Beto, 405 U.S. 319 (1972). Further, Defendant may not use this § 2255 motion as a substitute for bringing a direct appeal. E.g., Bousley v. United States, 523 U.S. 614, 621 (1998); Peveler v. United States, 26 F.3d 693, 698 (6th Cir. 2001). Any federal prisoner seeking collateral review under § 2255 of an issue not previously raised on direct appeal must show cause to excuse the failure to do so, and must show actual prejudice resulting from the alleged violation. E.g., Bousley, 523 U.S. at 622; Peveler, 269 F.3d at 698–700.

2

If the prisoner cannot show both cause and prejudice, he may obtain review of his claims only if his case fits within the narrow class of cases permitting review so as to prevent a "fundamental miscarriage of justice," such as when the prisoner submits new evidence showing he was actually innocent of the crime for which he was convicted. Bousley, 523 U.S. at 622–23 (citing Murray v. Carrier, 477 U.S. 478, 495–96 (1986)). However, this showing of cause and prejudice is not a prerequisite for claims related to ineffective assistance of counsel, and in fact, ineffective assistance of counsel claims are generally not cognizable upon direct appeal where the record is generally inadequate to permit review. E.g., Massaro v. United States, 538 U.S. 500, 504–05 (2003); United States v. Combs, 369 F.3d 925, 940 (6th Cir. 2004). Rather, ineffective assistance claims are properly reviewed in a § 2255 proceeding such as this. Massaro, 538 U.S. at 504; Combs, 369 F.3d at 940.

ANALYSIS

Defendant raises two separate ineffective assistance claims in his § 2255 motion: (1) ineffective assistance where counsel "was specifically instructed to file and take a timely appeal," but "[d]espite such instruction . . . did not do so, forfeiting Movant's direct appeal rights;" and (2) ineffective assistance where counsel failed to challenge the use of a prior arrest and prior conviction. [R. 95 at 4–5]. Regarding his first claim – counsel's failure to appeal – Defendant includes a sworn affidavit as an exhibit to his § 2255 motion, avowing that he "specifically directed [his] Attorney to prepare and file a Notice of Appeal from [his] Judgment of Conviction and Sentence imposed in this Court," and "[o]nly subsequent to sentencing, and after the time wherein a timely Notice of Appeal was required to be filed, did [he] learn that [his] Attorney had not followed [his] explicit directions." [R. 95-2 at 2].

3

In response, the Government argues that, pursuant to the terms of Defendant's plea agreement adopted by the Court, [R. 59], he had voluntarily "waive[d] the right to appeal the guilty plea, conviction, and any sentence within the guideline range as determined by the Court at sentencing," [Id. at 3], and had also "waive[d] the right to attack collaterally the guilty plea, conviction and sentence." [Id. at 3–4]. The Government notes that, upon being questioned about the plea agreement's waiver provision, Defendant stated he understood he was waiving his right to appeal or collaterally attack his guilty plea, conviction, and under certain circumstances, his sentence. [Id. at 21–23]. Importantly, the Government has also submitted an affidavit from trial counsel John C. Helmuth, in which he attests that that "[c]ounsel has no specific recollection of the Defendant requesting an appeal of the sentence on the sentencing date, but if the Defendant had made such a request[,] Counsel would have again told the Defendant that he waived his right to appeal any sentence within the guideline range." [R. 120-1 at 2].

A defendant "may waive any right in a plea agreement, even a constitutional right, if that waiver was made knowingly and voluntarily," [R. 120 at 3], citing United States v. Calderon, 388 F.3d 197, 199 (6th Cir. 2004). However, the U.S. Supreme Court directly addressed the issue of an attorney's failure to file a notice of appeal in Roe v. Flores–Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), applying the ineffective assistant test from Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to defense counsel's obligations with respect to counseling a defendant. Unlike the Defendant in this matter, the Flores-Ortega defendant had not waived the right to appeal nor clearly expressed a desire to appeal; nevertheless, the U.S. Supreme Court held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally

unreasonable," thereby satisfying the first prong of the Strickland test.  Flores-Ortega, 528 U.S. at 477.

Regarding Strickland's second prong – prejudice resulting from counsel's deficient performance – the Flores–Ortega Court further held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken," the second prong is then satisfied, and the defendant "has made out a successful ineffective assistance of counsel claim entitling him to an appeal."  Id. at 484.  Flores–Ortega rejected the proposition that a defendant must always establish prejudice by showing possible success on the merits, noting "it is unfair to require an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal."  Id. at 486.  Rather, the Court found that deficient performance in this context constitutes automatic prejudice, because it causes the "denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right."  Id. at 483.  Thus, Flores–Ortega established that a defendant need only demonstrate that, "but for counsel's deficient conduct, he would have appealed."  Id. at 486.

Applying the precedent set forth by the U.S. Supreme Court in Flores–Ortega, the Sixth Circuit has also made clear that defense counsel's failure to file a notice of appeal, after being explicitly instructed to do so by the defendant, constitutes a *per se* violation of the defendant's Sixth Amendment right to effective assistance of counsel, regardless of a knowing and voluntary waiver of the right to appeal.  Campbell v. United States, 686 F.3d 353, 357–58 (6th Cir. 2012). The Sixth Circuit in Campbell held that, "even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has,

5

as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." Id. at 357–58. Where counsel has in fact failed to file a notice of appeal though instructed to do so, the defendant is then entitled to file a belated appeal. Id. at 360.

In the present matter, trial counsel's affidavit makes very clear that, even if Defendant had made such a request, counsel "would have again told the Defendant that he waived his right to appeal any sentence within the guideline range," [R. 120-1 at 2], or put another way, would have chosen not to file a notice of appeal, considering it to be a futile endeavor. Having reviewed trial counsel's affidavit, the undersigned is not convinced that it contradicts Defendant's assertion that he asked counsel to file an appeal. On its face, the affidavit expresses trial counsel's opinion that there was no reason to bring an appeal but never explicitly contradicts Defendant's request, nor has the United States submitted any other evidence tending to contradict Jackson's claim that he directed counsel to file an appeal.

Based on the foregoing, then, the undersigned finds it appropriate to treat Defendant's assertion that he instructed counsel to file an appeal as uncontradicted by the record. In Campbell, the Sixth Circuit determined that, when a defendant's claim that he asked counsel to file an appeal goes uncontradicted, a court cannot deny the defendant's § 2255 motion without first conducting an evidentiary hearing to determine whether the government can present contradictory evidence. Campbell, 686 F.3d at 360. However, in the present case, the undersigned finds that an evidentiary hearing is not necessary, because the government has already had an adequate opportunity to rebut Jackson's claim that he directed counsel to file an appeal, but ultimately failed to present contradictory evidence to that effect.

6

Finally, regarding Defendant's second ineffective assistance claim raised in his § 2255 motion – that counsel ineffective assistance where counsel failed to challenge the use of a prior arrest and prior conviction, [R. 95 at 4–5] – this Court finds it unnecessary to address the second claim's merits at this time, where Defendant will ultimately be afforded the same relief through his first ineffective assistance claim regardless of the merits of Defendant's second claim.

## IV. RECOMMENDATION

Having considered the matter fully, and for the reasons stated above, IT IS RECOMMENDED that Theophyllis Jackson's § 2255 motion be GRANTED on the ground that he was denied effective assistance of counsel where the Government failed to contradict Jackson's assertion that he directed trial counsel to file a notice of appeal. Accordingly, the undersigned RECOMMENDS that Jackson's sentence be VACATED, and that the Court enter an Amended Judgment REIMPOSING the same sentence, thus affording Jackson an opportunity to file a delayed appeal.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Arn, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004). Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

Signed April 22, 2016.



8