UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 14-83-DCR-03 |
| | ) | |
| V. | ) | |
| | ) | |
| THEOPHYLLIS JACKSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Theophyllis Jackson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  [Record No. 95]  In accordance with 28 U.S.C. § 636(b)(1)(B), the motion was referred to a United States Magistrate Judge for issuance of a Report and Recommendation.  On April 22, 2016, Magistrate Judge Edward B. Atkins issued his report, recommending that Jackson's motion be granted.  [Record No. 122]  The United States has not objected to the magistrate judge's Report and Recommendation within the time provided.

Having fully considered the matter, the Court will adopt Magistrate Judge Atkins' recommendation and grant the defendant's requested relief.[1]

---

[1]     Although this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

**I.**

On October 1, 2014, Jackson pleaded guilty to conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.  [Record No. 31]  On January 28, 2015, he was sentenced to a 24-month term of imprisonment, followed by two years of supervised release.  [Record Nos. 57; 61]  The relevant conduct attributed to Jackson is set out in his written Plea Agreement.  On October 3, 2012, troopers conducted a traffic stop of Jackson's truck, and he consented to their subsequent search of the truck and attached trailer.  [Record No. 59, ¶ 3(a)]  Inside a false wall in the trailer, the troopers discovered 78 pounds of marijuana concealed in sleeping bags.  [*Id.*, ¶ 3(b)]  Jackson admitted that he modified the trailer and that he was paid by co-conspirators Adrian Campbell and Ryan Howard to bring the marijuana from Nevada to Nicholasville, Kentucky.  [*Id.*, ¶¶ 3(c), (d), and (e)]

Further, the defendant admitted that he made multiple similar trips to acquire marijuana for the co-conspirators.  [*Id.*, ¶ 3(e)]  Although Jackson was charged with conspiring to distribute more than 50 kilograms of marijuana, he pleaded guilty to the lesser included offense of conspiracy to distribute less than 50 kilograms of the substance.  [*Id.*, ¶ 3(f); Record No. 1]

According to Jackson's Presentence Investigation Report ("PSR"), Howard had recruited Jackson into the conspiracy and directed his activities.  [PSR, ¶ 15]  At the time of Jackson's sentencing, it appeared that he merely transported the marijuana so that Campbell and Howard could distribute it in Kentucky.  [*Id.*, ¶ 14]  Simply put, Jackson presented himself to the United States a "mule."  [Second Addendum to Presentence Investigation

Report of Ryan Howard, p. 26]  However, Jackson's PSR specifically noted that information

concerning the co-conspirators' involvement was "still being developed."  [PSR, ¶ 15]

As a result of his criminal conduct, Jackson's base offense level was calculated to be

16.  [*Id.*, ¶ 20]  After application of a three-level reduction for acceptance of responsibility,

his total offense level was 13.  [*Id.*, ¶ 28]  With a criminal history category of III, Jackson's

non-binding guideline range was 18 to 24 months.  [*Id.*, ¶ 63]  He was sentenced at the top of

that range.

During the re-arraignment and sentencing of Jackson's two co-defendants, it became

apparent that Jackson had a greater role in the conspiracy than was previously represented to

the Court.  For instance, text messages indicated that Howard did not recruit Jackson into the

conspiracy—rather, Jackson asked to be a part of the conspiracy due to unfulfilled financial

obligations.  [Second Addendum to PSR of Ryan Howard, p. 26]  Further, Jackson concocted

the idea of hiding the marijuana in cut tires.  [*Id.*]  In addition, he made the arrangements for

purchasing and converting the trailer for transporting the marijuana.  [*Id.*]

In fact, Jackson and his co-defendants were equally involved in the purchase of

marijuana.  They pooled their resources to obtain marijuana so that each could distribute the

marijuana on his own.  [*Id.*, p. 27]  While Campbell and Howard contributed financially to

the operation, Jackson contributed his transportation services.  [*Id.*]  Ultimately, the United

States concluded that Howard did not direct Jackson's activities.  [*Id.*]  Consequently,

Howard did not receive the four-level upward adjustment for having a leadership role.  [*Id.*]

And, in short, incomplete information regarding Jackson likely resulted in him receiving a

lesser term of incarceration that he would have received had he been sentenced last rather than first in the case.

## II.

On May 29, 2015, Jackson filed the present motion to vacate his sentence under 28 U.S.C. § 2255.  [Record No. 95]  In his motion, he argues that his former counsel was ineffective for failing to file a timely appeal and for failing to challenge the use of a prior arrest and conviction "which resulted in the seizure of marijuana attributed to [him] in this conspiracy."  [*Id.*, pp. 4−5]

In seeking relief under 28 U.S.C. § 2255, a defendant may assert that: the sentence was imposed in violation of the United States Constitution or federal law; the Court lacked jurisdiction; his or her sentence exceeded the maximum penalty authorized by law; or the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  To prevail on a claim of constitutional error, a defendant must establish an error of constitutional magnitude that had a "substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

"[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."  *Bousley v. United States*, 523 U.S. 614, 621 (1998).  Generally, a defendant may only avoid the consequences of procedural default by demonstrating cause and prejudice or by making an actual innocence claim.  *Id.* at 622−23.  But an ineffective assistance of counsel claim may be brought under § 2255 even if it was not raised on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).

A defendant may waive the right to appeal his conviction and sentence. *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). However, "when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *United States v. Campbell*, 686 F.3d 353, 360 (6th Cir. 2012) (explaining that this type of deficient performance always causes the prejudice required under *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

In the present case, Jackson claims that his Sixth Amendment right to effective assistance of counsel was violated by his former counsel's failure to file an appeal upon his request and by counsel's failure to challenge certain arrests/convictions. [Record No. 95, pp. 4−5] In support of his first ineffective assistance of counsel claim, Jackson asserts that he "specifically instructed" counsel to file a timely appeal, but that his attorney failed to comply with his instructions. [*Id.*, p. 4]

Jackson has submitted a sworn affidavit stating that he explicitly directed his attorney to file a timely appeal. [Record No. 95-2] The defendant's former attorney does not deny that the defendant made this request, instead indicating that he would have told Jackson that Jackson had waived his right to an appeal. [Record No. 120-1, p. 2] Because the United States has not contradicted Jackson's evidence, the magistrate judge found that Jackson directed his attorney to file a timely appeal and that his attorney did not follow his instruction.[2] [Record No. 122, p. 6]

---

[2]   Magistrate Judge Atkins did not conduct an evidentiary hearing. Such a hearing "is required unless the record conclusively shows that the petitioner is entitled to no relief." *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Put another way, the requirement

The magistrate judge also determined that Jackson's first ineffective assistance of counsel claim[3] operates as an exception to the general principle that claims raised in a § 2255 proceeding must have been raised on direct review.  *See Massaro*, 538 U.S. at 504. However, the United States contends that Jackson's claim is barred because he waived his rights to appeal and collaterally attack his guilty plea and sentence.  [Record No. 120, p. 2] The magistrate judge properly noted that the defendant did not waive his right to collaterally attack the plea and sentence with regard to ineffective assistance of counsel claims.  [Record No. 59, ¶ 8; Record No. 99, pp. 13, 21]

With respect to Jackson's waiver of his appellate rights, under *Campbell*, his counsel's failure to file a requested appeal constitutes *per se* ineffectiveness, entitling Jackson to relief regardless of the waiver.  *See Campbell*, 686 F.3d at 360.  Ultimately, the defendant is entitled to file a delayed appeal.  *See id.*   Therefore, the Court will grant Jackson's § 2255 motion, vacate his sentence, and re-impose the same sentence, permitting Jackson to file an appeal.  Accordingly, it is hereby

**ORDERED** as follows:

1.    Magistrate Judge Edward B. Atkins' Report and Recommendation [Record No. 122] is **ADOPTED** and **INCORPORATED** herein by reference.

---

for an evidentiary hearing is intended to protect the movant's interests.  Here, the record and evidence submitted by the parties demonstrate that Jackson is entitled to relief.  Consequently, an evidentiary hearing is not necessary to protect his interests.

[3]    Because the Court will grant Jackson's requested relief based on the first issue, it need not reach the issue concerning counsel's failure to challenge a prior arrest and conviction. Jackson may raise such an issue on appeal.  However, at this point, he has not provided any support for this contention.

2. Defendant Theophyllis Jackson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 95] is **GRANTED**, to the extent that he seeks to file a delayed appeal.

3. The Judgment previously entered in this matter and filed January 28, 2015 [Record No. 61], is **VACATED** and **SET ASIDE**.  An Amended Judgment will be entered for the purpose of allowing Defendant Jackson to file a delayed appeal.

4. Upon this Court filing an Amended Judgment, the Clerk of the Court is **DIRECTED** to file a Notice of Appeal on behalf of Defendant Theophyllis Jackson.  Based on the defendant's financial status as reflected in the Financial Affidavit previously filed [Record No. 14], Jackson qualifies for appointment of counsel to prosecute his appeal. However, this Court will defer to the United States Court of Appeals for the Sixth Circuit to appoint counsel in connection with the appeal.  In light of the Court's finding regarding the ineffective representation of his former attorney, it is not recommended that prior counsel be appointed in this regard.

This 10th day of May, 2016.



Signed By:
_Danny C. Reeves_ DCR
United States District Judge